UNITED STATES
DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

RECEIVED

*eu* SEP 03 2024

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| PEDRO DONALDSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24-cv-08001 |
| | ) | Judge John F. Kness |
| CITY OF CHICAGO, | ) | Magistrate Judge Young B. Kim |
| OFFICER JANOWSKI STAR #10396, | ) | RANDOM CAT 2 |
| OFFICER MEHMEDAGIC STAR #5089, | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES PEDRO DONALDSON the Plaintiff, *pro se,* and in support of his complaint states as follows:

### INTRODUCTION

1.      The Plaintiff was struck by a motorist while riding his bicycle. Chicago Police cited the Plaintiff for riding his bicycle on the sidewalk, conversely, Chicago Police did not cite the motorist for striking the Plaintiff.

2.      The Plaintiff alleges that Police did not cite the motorist because of his race White, and if reversed, that if a Black motorist had struck a White cyclist, Chicago Police would have cited the Black motorist.

3.      The Plaintiff alleges denial of due process, unequal treatment, and Civil Rights violation because of his race Black.

### THE PARTIES

4.      Plaintiff Pedro Donaldson (hereafter "Donaldson") is the movant. At all times relevant the Plaintiff was a resident of the City of Chicago, Illinois.

5.      Defendant City of Chicago is a municipal corporation. At all times relevant, City of Chicago was the employer of the individual Defendants who took action described herein.

6.      Defendant Police Officer JANOWSKI Star #10396. At all times relevant was acting within the scope of his agency, service and/or employment with City of Chicago, and at all times relevant acting under color of statute, ordinances, regulations, customs, and usages of the State of Illinois, and at all times relevant acting as a sworn Police Officer employed by the City of Chicago.

7.      Defendant Police Officer MEHMEDAGIC Star #5089. At all times relevant was acting within the scope of his agency, service and/or employment with City of Chicago, and at all times relevant acting under color of statute, ordinances, regulations, customs, and usages of the State of Illinois, and at all times relevant acting as a sworn Police Officer employed by the City of Chicago.

## JURISDICTION

8.      This Court has subject matter jurisdiction over the plaintiff's claim of violation of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1983, for violation of due process and equal protection of the laws.

9.      This Court has supplemental subject matter jurisdiction related state law pursuant to 28 U.S.C. § 1367(a)

2

## ALLEGATIONS COMMON TO ALL COUNTS

10.     On August ~~21,~~ 31 2023, the Plaintiff was riding his bike Eastward on Thorndale Avenue, and made a right turn North onto the sidewalk on Sheridan Road next to Rabbi Herman and Lotte Schaalman Park. Park 517.

11.     The Park is about 30 yards long, and as the Plaintiff rode his bicycle in front of "The Edge @ Sheridan" ("The Edge") apartment complex, 5910 N. Sheridan Road, a motorist exited The Edge and struck the Plaintiff with his vehicle.

12.     The Edge parking entrance is on Sheridan. One arrow points into the parking driveway, similar to one way traffic, and another arrow by the alley points to the exit. So the motorist should have exited by the ally and not Sheridan.

13.     An Ambulance took the Plaintiff to Saint Francis Hospital.

14.     Officers Kanowski Star #10396, and Mehmedagic Star #5089, came to Saint Francis Hospital and issued the Plaintiff a ticket for riding his bike on the sidewalk.

15.     Officers Kanowski and Mehmedagic did not issue the motorist a ticket because shrubbery from Rabbi Herman and Lotte Schaalman Park blocked the motorist's view, and alleged the motorist was not at fault for striking the Plaintiff.

16.     Officers Kanowski and Mehmedagic informed the Plaintiff that they could not find any security cameras for potential video evidence of the accident.

17.     Officers Kanowski and Mehmedagic contradicted themselves in the Illinois Traffic Crash Report, and wrote that "The Edge" had a security camera.

3

18. Officers Kanowski and Mehmedagic failed their due diligence and contact the property manager and secure evidence of the accident from the security cameras.

## COUNT I

19. Plaintiff re-alleges and incorporates ¶'s 1-18, as ¶ 19 of this count.

20. The Chicago Park District, at all times relevant, has a duty to manage and maintain the landscape of its parks, including the Rabbi Herman and Lotte Schaalman Park. Park 517, located at Thorndale Avenue and Sheridan Road.

21. The Chicago Park District, breached its duty by failing to maintain the landscape of the Rabbi Herman and Lotte Schaalman Park, including the shrubs that blocked the motorist from seeing the Plaintiff approaching The Edge driveway.

22. Donaldson's shoulder is deformed from the accident, and his medical bills from Saint Francis Hospital exceed $20,000.00. If doctors operate to symmetrically even his shoulders and make him whole, his medical bills will increase.

23. As a direct and proximate cause of the above described wrongful infringement, Donaldson has suffered pecuniary damages, including severe emotional pain and suffering, loss of normal life, medical expenses, mental anguish and emotional distress and damages.

WHEREFORE, PLAINTIFF prays for judgment against all DEFENDANTS, jointly and severally, in a fair and responsible amount including compensatory damages, punitive damages, and for any other relief this Honorable Court deems fair and just.

## COUNT II
## DUE PROCESS
## POLICIES, PATTERNS, CUSTOMS, or PRACTICES UNDER MONELL

24.     Plaintiff re-alleges and incorporates ¶'s 1-23, as ¶ 24 of this count.

25.     Police have a pattern, custom or practice of refusing the Plaintiff due process of law by refusing his request for a: 1) report; 2) investigation; 3) arrest; 4) jailing, or; 5) prosecution. The Police policy, pattern, custom or practice is as follows:

26.     On August 20, 1998, Donaldson called the Chicago Police Department (hereafter "CPD") to report that his wife had been raped at Chicago Read Mental Health Center (hereafter "READ"), an Illinois State Government mental healthcare facility. A copy of the initial report is attached hereto and is marked as **EXHIBIT A.**

27. On January 20, 1999, WALTER HEHNER, A.S.A., Deputy Supervisor for the Felony Review Unit, State's Attorney's Office of Cook County, Illinois, said that his wife was not raped because she had consented to the sex, and stated the following:

> Your inquiry concerning why no charges were filed against the patient that had sexual relations with your wife while she was a patient at Read Mental Health Hospital. . . . . As I explained in our meeting, her consent to sexual relations is a defense to a claim of sexual assault.
> **EXHIBIT B.**

28. On March 1, 1999, JOHN BUCHANAN, Coordinator of Operations Office of Professional Standards, (hereafter "OPS") for Chicago Police, responded to a letter that Pedro had written to the Mayor of Chicago, the Honorable Richard M. Daley. A copy of OPS Buchanan's letter is attached hereto and is marked as **EXHIBIT C.**

29. On July 21, 1999, JERRY C. ROBINSON, Assistant Deputy Superintendent of Chicago Police, Internal Affairs Division (hereafter "IA"), stated in pertinent part as follows:

5

After having conducted a thorough review of al of the evidence available in this particular case, we have concluded that the allegations cannot be sustained.
**EXHIBIT D.**

30. MAYOR DALEY / IA ROBINSON / OPS BUCHANAN / SAO HEHNER, were policy making official(s), who willfully, wantonly and maliciously breached their duty to "protect a rape victim", and instead used their governmental power to get away with said acts or omissions that "Eriko was not raped", by gaming the system to skew / contravene / weaponize Chicago's policy, custom, pattern or practice that "Mental Health Hospital patients" can "consent to sexual relations". Plaintiff alleges he was denied his right to due process guaranteed by the Constitution of the State of Illinois.

31. On September 9, 1999, Pedro called Chicago Police after Eriko had been assaulted at READ, and responding Police Officers L. LAMPRES and G. GARCIA made out an initial Police Report, and wrote that Eriko suffered a cut from a back hand slap by a READ patient. A copy of which is attached hereto and is marked as **EXHIBIT E.**

32. On May 10, 2001, Eriko's READ psychiatrist DR. RHODORA PALACIO M.D., and social worker MAUREEN A. RESHESKE, LCSW SW IV, Unit B-South, wrote Pedro a letter to inform him that Eriko had reported a sexual relationship with another patient at READ. A copy of which is attached hereto and is marked as **EXHIBIT F.**

33. On June 3, 2003, Eriko told Pedro she was assaulted by a READ patient named Mary, and Pedro called 911, but the police officer hung-up on him.

34. On June 4, 2003, Pedro returned to READ, called 911 and asked for a supervisor, and Police Officer Reynolds and Sergeant Dunn responded to the call, but they told him that CPD **stopped** making out Police Reports for Pedro.

6

35.     On July, 12, 2003, Eriko wrote Pedro and told him that MONTANA had assaulted her for the 3rd time, and that he was trying to kill her by slamming her head against the floor, but no one was processed. Eriko wrote in pertinent part as follows:

> **MY WHITE TALBOT T-SHIRT, TOWEL WAS COVERED WITH MY BLOOD . . . MONTANA WAS TRYING TO KILL ME, IF HE WASN'T TRYING TO KILL ME WHAT WAS HE DOING.**
>
> **EXHIBIT G.**

36.     On July 14, 2003, Pedro called Police and Officers Hunter, Star #5578, and Vitellary Star #10731 responded. The Officers confirmed Eriko had a black eye and bruises on her face, but said CPD **stopped** issuing Pedro Police Reports.

37.     On or about June 2013, Donaldson called Police to report that he had been assaulted by a security guard at the Chateau Hotel, and Police refused his request for a: 1) report; 2) investigation; 3) arrest; 4) jailing, or; 5) prosecution of the security guard.

38.     On November 27, 2015, Donaldson called Police to report that he had been assaulted by an "L" Train Operator, and Police refused his request for a: 1) report; 2) investigation; 3) arrest; 4) jailing, or; 5) prosecution the "L" Train Operator.

39.     The policy, pattern, custom or practice of Defendants City of Chicago, Officer Kanowski, and Officer Mehmedagic, as set forth above, is a violation of the Plaintiff's right to due process guaranteed by the Fourteenth Amendment to the United States Constitution.

40.     As a direct and proximate cause of the above described wrongful infringement of his due process rights under the Constitution, Donaldson has suffered pecuniary damages, including severe emotional pain and suffering, loss of normal life, medical expenses, mental anguish and emotional distress and damages.

WHEREFORE, PLAINTIFF prays for judgment against all DEFENDANTS, jointly and severally, in a fair and responsible amount including compensatory damages, punitive damages, and for any other relief this Honorable Court deems fair and just.

### COUNT III
### UNEQUAL TREATMENT
### OF PESONS SIMILAR SITUATED and, VINDICTIVENESS UNDER HILTON

41.     Plaintiff re-alleges and incorporates ¶'s 1-40, as ¶ 41 of this count.

42.     On October 10, 1997, Police made a: 1) report; 2) investigation; 3) arrest; 4) jailing, and; 5) prosecution, for Domestic Battery, No 97140977201, when Pedro was the subject of a crime. Pedro's case was stricken on October 29, 1997. A copy of which is attached hereto and is marked as **EXHIBIT H.**

43.     On July 9, 2001, Police made a: 1) report; 2) investigation; 3) arrest; 4) jailing, and; 5) prosecution, for Domestic Battery, No 01144263101, when Pete was the subject of a crime. Pete's case was stricken on July 17,2001 and October 29, 2001. A copy of which is attached hereto and is marked as **EXHIBIT I.**

44.     On January 20 2009, Police made a: 1) report; 2) investigation; 3) arrest; 4) jailing, and; 5) prosecution, for Reckless Conduct and Criminal Damage to Property, No 09121271001, when Pedro was the subject of a crime. Pedro's case was stricken on March 31, 2009. A copy of which is attached hereto and is marked as **EXHIBIT J.**

45.     In 2018, Police made a: 1) report; 2) investigation; and; 3) prosecution for disorderly conduct for locking up his bike in a handicap rail ramp, a misdemeanor that carries a $250.00 fine, No. 17-mc-100008, when Pedro was the subject of a crime. Pedro was convicted

8

but overturned on appeal by the United States District Court for the Northern District of Illinois -

Eastern Division, on August 13, 2018.

46.     CPD does not act when the Plaintiff is the caller and not the subject of the crime,

conversely, CPD acts when the Plaintiff is not the caller and is the subject of the crime, in

violation of equal protection of the laws.

47.     The policy, pattern, custom or practice of Defendants City of Chicago, Officer

Kanowski, and Officer Mehmedagic, as set forth above, is a violation of the Plaintiff's right to

equal protection guaranteed by the Fourteenth Amendment to the United States Constitution.

48.     As a direct and proximate cause of the above described wrongful infringement of

his equal rights under the Constitution, Donaldson has suffered pecuniary damages, including

severe emotional pain and suffering, loss of normal life, medical expenses, mental anguish and

emotional distress and damages.

WHEREFORE, PLAINTIFF prays for judgment against all DEFENDANTS, jointly and

severally, in a fair and responsible amount including compensatory damages, punitive damages,

and for any other relief this Honorable Court deems fair and just.

## COUNT IV
## RACIAL DISCRIMINATION
### Donaldson v. City of Chicago, Officer Kanowski, and Officer Mehmedagic

49.     Plaintiff re-alleges and incorporates ¶'s 1-48, as ¶ 49 of this count.

50.     On August, 31, 2023, Officers Kanowski, and Mehmedagic denied the Plaintiff

due process and equal protection of the laws  guaranteed by the Fourteenth Amendment to the

United States Constitution, because of his race Black

9

51.   On August, 31, 2023, Officer Kanowski, and Officer Mehmedagic denied the Plaintiff his Civil Rights, because of his race Black

52.   By the actions detailed above, among others, the Defendants have intentionally discriminated against Donaldson, in violation of his Civil Rights, among other things, failing to issue the motorist a citation for striking the Plaintiff with his vehicle, covering up the accident by failing to secure video evidence from the security cameras. Any stated reason for the Defendants conduct are not the true reasons, but instead are a pretext to hide the Defendants racist animus.

53.   As a direct and proximate result of the Defendants' unlawful racial discrimination in violation of his Civil Rights, Donaldson has suffered mental anguish, and continues to suffer mental anguish, for which he is entitled to an award of damages.

54.   Defendants' unlawful and discriminatory actions constitute malicious, willful, and wonton Civil Right violations, for which Donaldson is entitled to an award of punitive damages.

55.   But for the Defendants' unlawful and discriminatory action, Donaldson would not have suffered damages.

WHEREFORE, PLAINTIFF prays for judgment against all DEFENDANTS, jointly and severally, in a fair and responsible amount including compensatory damages, punitive damages, and for any other relief this Honorable Court deems fair and just.

### COUNT V
### CIVIL CONSPIRACY
### Donaldson v. City of Chicago, Officer Kanowski, and Officer Mehmedagic

56.   Plaintiff re-alleges and incorporates ¶'s 1-55, as ¶ 56 of this count.

57.   Acting in the furtherance of their plan and conspiracy, Defendants City of Chicago, Officer Kanowski and Officer Mehmedagic committed overt acts, failing to issue the

motorist a citation for striking the Plaintiff with his vehicle, and covering up the accident by failing to secure video evidence from the security cameras.

58. City of Chicago, Officer Kanowski, and Officer Mehmedagic by and through its agents and/or employees reached an understanding, engaged in a sequence of events or course of conduct, and otherwise, agreed and conspired together to violate Donaldson's Constitutional Rights

59. Each Defendant reached this understanding, and agreement, and did engage in this course of conduct with the mutual purpose, objective and knowledge that it would deprive Donaldson of his Civil Rights, to due process, and equal protection of the laws guaranteed by the U.S. Constitution.

60. Said conspiracy joint action violated Donaldson's Constitutional Rights in contravention of the U.S. Constitution.

61. Defendants' course of conduct was done willfully, maliciously, and intentionally, or done with reckless indifference to Donaldson's Constitutional Rights.

62. As a direct and proximate cause of the above described wrongful infringement of Donaldson's Constitutional rights, Donaldson has suffered pecuniary damages, including severe emotional pain and suffering, loss of normal life, medical expenses, mental anguish and emotional distress and damages.

WHEREFORE, PLAINTIFF prays for judgment against all DEFENDANTS, jointly and severally, in a fair and responsible amount including compensatory damages, punitive damages, and for any other relief this Honorable Court deems fair and just.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

63.     Plaintiff re-alleges and incorporates ¶'s 1-62, as ¶ 63 of this count.

64.     City of Chicago, Officer Kanowski, and Officer Mehmedagic as set forth above, were extreme and outrageous, and Defendants either intended to inflict severe emotional distress upon Donaldson, or knew or should have known that their conduct would in fact inflict severe emotional distress.

65.     As a proximate result of the Defendant's actions, Donaldson has suffered severe emotional distress.

WHEREFORE, DONALDSON prays for judgment against all DEFENDANTS, jointly and severally, in a fair and responsible amount including compensatory damages, punitive damages, and for any other relief this Honorable Court deems fair and just.

## COUNT VII
## INDEMNIFICATION

66.     Plaintiff re-alleges and incorporates ¶'s 1-65, as ¶ 66 of this count.

67.     Defendant Chicago of Chicago is the employer of Officer Kanowski, and Officer Mehmedagic.

68.     Pursuant to section 10/9-102 of the Illinois Compiled Statutes, 745 ILCS 10/9-102, public entities are directed to pay any tort judgments for compensatory damages for which their employees are found liable within the scope of their employment.

WHEREFORE, should DEFENDANTS Officer Kanowski or Officer Mehmedagic be found liable for one or more of the claims set forth above, DONALDSON demands that City of

12

Chicago, indemnify any compensatory judgment DONALDSON obtains against said

DEFENDANTS, pursuant to 745 ILCS 10/9-102, and for any other relief this Honorable Court

deems fair and just.

## JURY DEMAND

69.    Donaldson hereby demands trial by jury on all claims so triable.

Respectfully Submitted,

By:  *Pedro Donaldson*

Pedro Donaldson, the Plaintiff

Pedro Donaldson.
The Plaintiff, *pro se*
P.O. Box 408594
Chicago, Illinois 60640-0016
No phone

GENERAL OFFENSE
CASE REPORT
CHICAGO POLICE

OFFENSE/INCIDENT PRIMARY CLASSIFICATION ASSLT SEX    SECONDARY CLASSIFICATION   ASSLT

ADDRESS OF OCCURRENCE   NO.   DIR   STREET   PARK    APT. NO.    DATE OF OCCURRENCE   TIME   DAY OF OCCUR   BEAT/UNIT ASS

LOCATION WHERE OFFENSE OCCURRED (GIVE NAME OF LOCATION IF APPLICABLE)   HEALTH UNIT

---

## IMPORTANT: KEEP THIS NOTICE FOR YOUR PERSONAL RECORDS

CASE NAME - PEOPLE OF THE STATE OF ILLINOIS/CITY OF CHICAGO vs. _____

If an arrest has taken place, the following is your court information: **Date:** _____ Time: _____ Court Branch: _____ Court Loc. : _____

If you need more help call the Victim/Witness Assistance Program of the Cook County State's Attorney's Office at (312) 890 - 7200.

## VICTIM INFORMATION NOTICE/ CHICAGO POLICE DEPARTMENT

*THIS IS NOT AN OFFICIAL POLICE REPORT - IT IS FOR INFORMATION PURPOSES ONLY*

Your case will be on file with the Chicago Police Department under the **above listed R.D. Number.** Refer to this number whenever you are communicating with the Chicago Police Department concerning this incident. Your case will be assigned for follow-up investigation based upon specific facts obtained during the initial investigation. The presence of these facts can predict whether a comprehensive follow-up investigation would likely result in the arrest and prosecution of the suspect(s) or the recovery of property. Your case will be reviewed and retained to determine if criminals active in the area can be identified. *A detective will not routinely contact you unless additional information is required or your other assistance is needed.*

**TO REPORT ADDITIONAL INFORMATION**

If you have knowledge of specific facts which might assist in the investigation of your case, please contact the unit marked below:

| | FOR PROPERTY CRIMES | FOR VIOLENT CRIMES | FOR YOUTH DIVISION |
|---|---|---|---|
| AREA 1 | ☐ 747-8384 | ☐ 747-8380 | ☐ 747-8385 |
| AREA 2 | ☐ 747-8273 | ☐ 747-8272 | ☐ 747-8276 |
| AREA 3 | ☐ 744-8283 | ☐ 744-8261 | ☐ 744-8266 |
| AREA 4 | ☐ 746-8253 | ☐ 746-8252 | ☐ 746-9259 |
| AREA 5 | ☐ 746-8362 | ☒ 746-8262 | ☐ 746-8365 |
| BOMB & ARSON (all Areas) ☐ 747-6273 | | AUTO THEFT (all Areas) ☐ 747-8254 | |

**COPY OF THE REPORT**

The above listed R.D. Number may suffice for insurance purposes, however, there may be instances when a copy of the case report is desired. A copy of the case report which verifies that an incident of injury, loss or damage has been reported to the Chicago Police Department may be obtained after 14 working days from the date the incident was reported. To obtain a copy of the report, **send a check or money order** payable to the *"DEPARTMENT OF FINANCE - CITY OF CHICAGO"* in the amount of $.50 and a self-addressed stamped return envelope to:

    Chicago Police Department
    Records Inquiry Section, Room 209
    1121 South State Street
    Chicago, IL     60605

Include the following information with your request: 1) Victim's name and address (or person reporting same), 2) Type of incident, 3) Address of occurrence, 4) R.D. Number.

**MAKE THE RIGHT CALL**

To report a crime in progress or other emergency that requires immediate police response, call 9-1-1.

To report non-emergency situations, call the Police Department at 746-6000.

---

### CHICAGO ALTERNATIVE POLICING STRATEGY (CAPS)
SAFE NEIGHBORHOODS ARE EVERYBODY'S BUSINESS

The police alone cannot solve the problems of crime in our City. It takes an active and informed community working with the police and other City agencies to really make a difference. Join your neighbors and your neighborhood police officers as we work together to reduce crime and improve the quality of life in our City. Become part of the CAPS team in your community. To find out how, call:

CAPS HOTLINE ☐   744-CAPS (744-2277)

More information about CAPS is available on the **World Wide Web** at http://www.ci.chi.il.us

You live on Beat_____. Your next Beat Community Meeting will be held

(date and time) _____ at (location)_____

### TELECOMMUNICATIONS DEVICE FOR THE DEAF/TELETYPE (TDD/TTY)

Hearing-impaired persons who possess such equipment may communicate with the Chicago Police Department 24 hours a day by calling 746 - 9715. Hearing- impaired persons in need of assistance during normal business hours may also contact their local police district or the Preventive Programs and Neighborhood Relations Division at 744-8006.

### RECOVERY OF PROPERTY - STOLEN VEHICLE RECOVERED

The Chicago Police Department must be notified *IMMEDIATELY*, via the "9-1-1" emergency number, when property reported lost or stolen is recovered.

### CREDIT CARDS - CHECKS, LOST OR STOLEN

Immediately notify the concerned credit card issuer or bank by telephone to reduce the possibility of being liable for the unauthorized use of your lost or stolen credit card or check. It is suggested that you also inform the credit card issuer or bank in writing as a follow-up measure to ensure proper notification.

### ILLINOIS CRIME VICTIMS NOTIFICATION

Innocent victims of violent crime may be eligible to receive benefits from the Illinois Crime Victims Compensation Program for such costs as medical, funeral, loss of support and wage loss. *NO RECOVERY IS PROVIDED FOR PROPERTY LOSS OR DAMAGE, NOR FOR PAIN OR SUFFERING.* To apply or to determine whether one qualifies, the victim or, if deceased, a relative or dependent, must contact the Illinois Attorney General's Office.

Further information and claim forms can be obtained from

    Crime Victims Compensation Pr
    Office of the Attorney General of Il
    100 West Randolph Street, 13th Floor
    Chicago, IL     60601
    Telephone: 814-2581

**EXHIBIT A**

CPD 11.380 Part 3 English (Rev. 8/95)

RETAIN THIS NOTICE FOR YOUR PERSONAL RECORDS



### OFFICE OF THE STATE'S ATTORNEY
#### COOK COUNTY, ILLINOIS

RICHARD A. DEVINE
STATE'S ATTORNEY

CRIMINAL DIVISION
2650 SOUTH CALIFORNIA AVENUE
CHICAGO, ILLINOIS 60608

January 22, 1999

Mr. Pedro D███████
426 West Belmont, Apt 402
Chicago, Il  60657

Dear Mr. D███████:

This correspondence is to reflect our discussion in my office on January 20, 1999.  Your inquiry concerning why no charges were filed against the patient that had sexual relations with your wife while she was a patient in the Reed Mental Health Hospital.  Your wife did tell the police that no one forced her to have sex.  You also told me that your wife still insists that she consented to the sexual relations.  As I explained in our meeting, her consent to sexual relations is a defense to a claim of sexual assault.

Respectfully Submitted,

Walter Hehner, A.S.A.
Deputy Supervisor
Felony Review Unit

**EXHIBIT B**

CITY OF CHICAGO/**DEPARTMENT OF POLICE**
1121 South State Street
Chicago, Illinois 60605

(312) 746-6000 Non-Emergency (Voice)
(312) 746-9715 Non-Emergency (TTY)
9-1-1 Emergencies
http://www.ci.chi.il.us

**Richard M. Daley,** Mayor
**Terry G. Hillard,** Superintendent of Police

1 March 1999

Pedro Donaldson
426 W. Belmont Avenue
Chicago, Illinois 60657

Dear Mr. Donaldson ,

Your letter addressed to the Mayor of Chicago, Richard M. Daley was forwarded to the Office of Professional Standards for a response.

The Office of Professional Standards registers all complaints against Department Members. However, the Office of Professional Standards is responsible for conducting investigations of complaints involving allegations of excessive force and domestic violence. All other complaints are forwarded to the Internal Affairs Division.

On November 23, 1998 we forwarded your complaint to the Internal Affairs Division for their information and review. The Internal Affairs Division contacted the Office of Professional Standards on December 11, 1998 and officially obtained Complaint Register Number 250388 on your behalf.

Mr. Donaldson on the 9th and 10th of December when you came to the Office of Professional Standards, the personnel at the Office of Professional Standards could not give you a C.R. number because one had not been registered on your complaint. The Internal Affairs Division had the authority to obtain a C.R. number.

Mr. Donaldson we are very sorry for any inconvenience or misunderstanding that we may have caused you.

Sincerely yours,

John Buchanan
Coordinator of Operations
Office of Professional Standards

**EXHIBIT C**

cc: Terry G. Hillard, Superintendent of Police
Sandra Story Ref #136700

CITY OF CHICAGO / **DEPARTMENT OF POLICE**

1121 South State Street
Chicago, Illinois 60605

(312) 746 - 6000-Non-Emergency (Voice)
(312) 922 - 1414 Non- Emergency (TDD)
9 - 1- 1 Emergencies

**Richard M. Daley,** Mayor
**Matt L. Rodriguez,** Superintendent of Police

July 21, 1999

Mr. Pedro Donaldson
426 W. Belmont-Apt.402
Chicago, IL 60657

REFERENCE: COMPLAINT REGISTER NUMBER 250388

Dear Mr. Donaldson:

The Chicago Police Department has completed its investigation into
the allegations that members of the Chicago Police Department were
guilty of misconduct. I want to thank you for bringing this matter
to our attention.

We share your concern over the conduct of our personnel and conduct
rigorous investigations into all reports of misconduct. Whenever
evidence sufficient to sustain an allegation is obtained,
appropriate disciplinary action is imposed.

After having conducted a thorough review of all of the evidence
available in this particular case, we have concluded that the
allegations cannot be sustained. This does not mean, however, that
we have dismissed your allegation as untrue. It means that we were
unable to uncover or acquire sufficient evidence for a sustained
finding.

We will retain a copy of this investigation in the event that
additional evidence becomes available at some future time. If
additional evidence is obtained, the investigation will be
reopened.

I thank you again for bringing this matter to our attention.
Please be assured that all such matters receive our closest
attention, and that the continued cooperation of concerned citizens
contributes significantly to our efforts to improve the Chicago
Police Department.

Sincerely,

Jerry C. Robinson
Assistant Deputy Superintendent
Internal Affairs Division

**EXHIBIT D**

D - 564754

**CASE REPORT**
**CHICAGO POLICE**

BATTERY

SIMPLE

| 4 ADDRESS OF OCCURRENCE NO. | DIR. | STREET | APT. NO. | 5. FIRE RELATED | 6. DATE OF OCCURRENCE — FROM DAY MO. YR. | TIME | 7. DAY OF OCCUR. | 8. BEAT/DAY/AREA |
|---|---|---|---|---|---|---|---|---|

SCENE: 4.2.0.0 N OAK PARK

☐ YES ☒ NO

09 SEP 99 0820 1692 · 1645

☐ ON VIEW ☐ SUPERVISOR

9. TYPE OF LOCATION OR PREMISE WHERE OFFENSE OCCURRED (GIVE NAME OF LOCATION IF APPLICABLE)

HOSPITAL

10. LOCATION CODE: 2.3.3

11. DATE R/O ARRIVED — TIME: 09 SEP 99 1940

All information, descriptions and statements in this entire report are approximations or summarizations unless indicated otherwise.

| VICTIM | 21. NAME (LAST-FIRST-M.I.) | IDENTITY VERIFIED | 22. HOME ADDRESS (NO., DIR., STREET, APT. NO.) | 23. SEX—RACE—AGE CODE | 24. HOME PHONE | 25. BUSINESS PHONE | 26. TIME AVAIL. | 27. OCCUPATION | 28. IR. JUV. CASE NO. | 29. VICTIM REL. CODE |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | D | ☐ | 426 W. BELMONT | F, 6, 27 | NONE | NONE | ANY | NONE | X | 29 |

DATA ENTERED PD AREA-5

RACE CODES
3 BLACK HISPANIC
4 WHITE HISPANIC

PARENT/GUARDIAN, IF JUVENILE

RESTRICTED INFORMATION
HAS BEEN DELETED
RECORD INQUIRY SECTION
CHICAGO POLICE DEPARTMENT
RESTRICTED INFORMATION
HAS BEEN DELETED
RECORD INQUIRY SECTION
CHICAGO POLICE DEPARTMENT

| | 1 MONEY | 2 JEWELRY | 3 FURS | 4 CLOTHING | 5 OFFICE EQUIPMENT | 6 TV, RADIO, STEREO | 7 HOUSEHOLD GOODS | 8 CONSUM. GOODS | 9 FIREARMS | 10 Narc./Dang. Drugs | 11 OTHER | 10 NONE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | ☐Y ☐N | ☐Y ☐N | ☐Y ☐N | ☐Y ☐N | ☐Y ☐N | ☐Y ☐N | ☐Y ☐N | ☐Y ☐N | ☐Y ☐N | ☐Y ☐N | ☐Y ☐N | ☐Y ☐N |

72. VEHICLE/TRAILER YEAR MAKE BODY-STYLE COLOR V.I.N.
☐STOLEN ☐THEFT FROM
☐OFFENDER'S

STATE LICENSE NO. STATE EXPIR. MO/YR. 73. PROPERTY INVENTORY NO(S). 74. VEH. INVENTORY NO. FO

CHICAGO POLICE DEPARTMENT
CHICAGO POLICE DEPARTMENT

RESTRICTED INFORMATION
RESTRICTED INFORMATION
RESTRICTED INFORMATION
HAS BEEN DELETED
RESTRICTED INFORMATION
RESTRICTED INFORMATION

SLAPPED VICTIM W/ THE BACK OF HIS HAND ON HER LEFT CHEEK. VICTIM WAS CUT BUT REFUSED MED. ATTN. FROM HOSPITAL.

RESTRICTED INFORMATION

81. EXTRA COPIES REQUIRED ☒NORMAL ☐CONT'D. OTHER SIDE

83. FIRST OFFICER AT SCENE ☐R.O. 84. OFFICER NOTIFYING ☐1ST O/S ☐2ND O/S. PERSON ☐NOTIFIED ☐ARRIVED DATE (DAY-MO-YR)

87. REPORTING OFFICER'S NAME (PRINT) STAR NO. OFFICER SIGNATURE DATE/INVEST. COMPLETED-TIME

L. LANDRES 5351 ____ 04 Sept 99 2010

88. REPORTING OFFICER'S NAME (PRINT) STAR NO.

M. GARCIA 9118

**EXHIBIT E**

SEP 10 1999

CPD-11.390 (Rev. 9/85)



Jim Edgar, *Governor*                                        Howard A. Peters III, *Secretary*

Chicago-Read Mental Health Center    •    4200 North Oak Park Avenue    •    Chicago, Illinois  60634

To: Mr. Pedro Donaldson (Guardian)                             May 10, 2001
    426 West Belmont, #402
    Chicago, Il. 60657

Mr. Donaldson;

Due to the fact that you do not have a telephone,  this is to officially inform you that on Thursday,
05/10/01 at approximately 7:10 AM  your wife, Ms. Eriko Donaldson, reported:  "Someone came
to my room last night at about 2:30 AM."  " He said, 'can I have that ass?'"  Ms. Donaldson then
said:  "I'm going home soon, but I will give you ▮▮▮▮▮▮"  "Nothing happened."  "He then
walked out."  When asked who was the man, she refused to answer.

All appropriate procedures are being followed to investigate the incident in a timely manner.

Yours truly,

Rhodora P. Palacio, MD
Psychiatrist, B-South

Maureen A. Resheske, LCSW
SW IV, B-South

cc: Guardian ad litem

**EXHIBIT F**

... Pedro Donaldson         E    D

... P.O. Box 147064         P.O. Box 147064

... Chicago IL 60614  July, 10 12, 03    Chicago IL 60614

... Dear Pedro

        Daddy, I'm writing you to let you know
... what happened on Saturday Morning at Breakfast at Dining
... Area

        After I finish eating toast & butter, cottage
... cheese, 2 apple juice, I went to throw away the plate.
... I ~~tu~~ turned around, Montana is standing ~~lifting up~~ holding
... 2 Apple juice on table. I was reaching up to get
... that Apple juice, ~~and mil~~ Montana all the sudden
... grabbing my head, banging my head on the floor
... The right side of my forehead above my right eye
... was banged against the floor repeatedly, next
... thing I know, blood on floor, blood on my white
... talbot sailor T-shirt, I layed there as calm as
... ~~I can, I didn't know what was bleeding him~~
... ~~the floor was~~ hard as hell.

        There was not too many people around
... ~~he eats at table at Dayroom, but he comes throw away~~
... ~~his plate at dining room, He doesn't hurt me no more,~~
... ~~his ass away,~~ I wasn't sure if I had to lay
... there or get up from floor. I see my sweater
... on the chair, Mrs. Mildred Taylor was helping
... me, ~~to g~~ holding my hands to get up
        I ~~w~~ knew I had to lay down on bed,
... I went to lie down, Blanka, Lilia, Taylor was
... holding down my right arm, for what? I don't
... know, I keep saying " Let go my arm ", They're
... not listening to me, Lilia started touching my
... left ~~l~~ leg, for what? I don't know, and Lilia

for wet paper towel, dry towel, sheets blanket.
I asked for Apple juice that I haven't had. I asked for milk that I haven't had.
I didn't get them for about one hour.
The floor, my white Talbot T-shirt, Towel was
covered with my blood, & the only thing I kept
was towel.

It used
to be some black male worker who used to
come work a few times sometimes on weekend
to a north
"SNIPES, SHAFT, CARLES, MR. BEAR,
from D-NORTH IF NOT," Ruth, Margaretta,
Viola, Ortiz" from B-SOUTH. There
was NOT ENOUGH PROTECTION THAT TIME.
Montana was trying to kill me, if he wasn't
trying to kill me, what was he doing? He thinks

My roommate Janet said it's concussion,
It was so terreble, terrefied, horreble, awful.
Only
One Security Guard came, Security Guard
didn't bring him in Seclusion, Security Guard
doesn't care, nurse doesn't care, and the Dr
wasn't there. I could ask Mike from B-SOUTH
To help me, I heard he doesn't work there
anymore. Mike from B-SOUTH, He knows how to
cure what.

I called 911, they didn't come. Blanka was
struggling slip off my white T-shirt covered
with blood, she said she goes to wash the T-shirt,
I went to ask for the white T-shirt at 6 PM to

 **Clerk of the Circuit Court of Cook County**

### PEOPLE OF THE STATE OF ILLINOIS

**VS**                                    **NUMBER: 97140977201**

### DONALDSON, PEDRO A

### CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of COOK COUNTY/LOCAL PROSECUTOR HAS FILED A COMPLAINT with the Clerk of the Circuit Court.

**HEARINGS**

| | | | |
|---|---|---|---|
| 10/29/1997 | 9:30 AM | Transferred | Branch 63/Room 404 |
| 12/4/1997 | 9:30 AM | Continue for Judgment on Forfeiture | |

**PLEAS, DISPOSITIONS AND SENTENCES:**

**Disposition:**

001     10/29/1997  STRICKEN OFF - LEAVE REINSTATE

**Sentence (Credit):**

I hereby certify that the foregoing has been entered of record on the above captioned case.

**Date: 9/4/2020**

*Dorothy Brown*
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT OF COOK COUNTY

3 of 3

EXHIBIT H

Printed: 9/4/2020 12:55:25 PM



**Clerk of the Circuit Court of Cook County**

## PEOPLE OF THE STATE OF ILLINOIS

VS

**NUMBER: 01144263101**

### DONALDSON, PETE

## CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, IRIS Y MARTINEZ, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of COOK COUNTY/LOCAL PROSECUTOR HAS FILED A COMPLAINT with the Clerk of the Circuit Court.

| | | | |
|---|---|---|---|
| 7/26/2001 | 9:00 AM | Summons to Issue | Branch 63/Room 404 |
| 8/30/2001 | 9:00 AM | By Agreement | Branch 63/Room 404 |
| 10/29/2001 | 9:00 AM | By Agreement | Branch 63/Room 404 |
| 10/29/2001 | 9:00 AM | Order of Court | Branch 63/Room 404 |
| 12/7/2001 | 9:00 AM | Continue for Judgment on Forfeiture | Branch 63/Room 404 |

### PLEAS, DISPOSITIONS AND SENTENCES:

**Disposition:**

| 001 | 7/17/2001 | STRICKEN OFF - LEAVE REINSTATE |
|---|---|---|
| 001 | 10/29/2001 | STRICKEN OFF - LEAVE REINSTATE |

**Sentence (Credit):**

EXHIBIT I

Printed: 4/28/2022 2:19:02 PM

 **Clerk of the Circuit Court of Cook County**

## PEOPLE OF THE STATE OF ILLINOIS

VS

**NUMBER: 09121271001**

### DONALDSON, PEDRO A

### CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of COOK COUNTY/LOCAL PROSECUTOR HAS FILED A COMPLAINT with the Clerk of the Circuit Court.

**3/31/2009 DEFENDANT DEMAND FOR TRIAL**

RIVKIN-CAROTHERS, ANITA

### HEARINGS

| | | |
|---|---|---|
| 2/18/2009 | 9:00 AM By Agreement | Branch 29/Room 1 |
| 2/24/2009 | 9:00 AM Hearing | Branch 46/Room 303 |
| 2/25/2009 | 9:00 AM Continued to | Branch 46/Room 303 |
| 3/31/2009 | 9:00 AM By Agreement | Branch 46/Room 303 |

### PLEAS, DISPOSITIONS AND SENTENCES:

**Disposition:**

| | | |
|---|---|---|
| 001 | 3/31/2009 | STRICKEN OFF - LEAVE REINSTATE |
| 002 | 3/31/2009 | STRICKEN OFF - LEAVE REINSTATE |

**Sentence (Credit):**

EXHIBIT J

Printed: 9/4/2020 12:51:45 PM

UNITED STATES
DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| PEDRO DONALDSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | Case No |
| OFFICER JANOWSKI STAR #10396, | ) | |
| OFFICER MEHMEDAGIC STAR #5089, | ) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

TO:  City of Chicago, Chicago Park District, Officer Kanowski, and Officer Mehmedagic, Chicago City Hall, 121 N La Salle St # 107, Chicago, IL 60602

PLEASE TAKE NOTICE that on Tuesday, September 3, 2024, I personally filed the **Complaint** and **Notice of Service,** with the Clerk of the Everett McKinley Dirksen U.S. Courthouse, 219 South Dearborn, Chicago, Illinois 60604, a copy of which is attached hereto and is hereby served upon you.

Pedro Donaldson, Plaintiff

### AFFIDAVIT OF SERVICE

I, Pedro Donaldson, the undersigned **Plaintiff,** *pro se*, on oath depose and say that I personally served the foregoing **Complaint** and **Certificate of Service** to the above mentioned parties at City Hall, 121 N La Salle St # 107, Chicago, IL 60602, on Tuesday, September 3, 2024.

### VERIFICATION BY CERTIFICATION

I, Pedro D., the undersigned Plaintiff pro se, state under penalty of perjury as provided by law, pursuant to 28 U.S. Code § 1746, that the statements set forth in the above A**ffidavit of Service**, are true and correct to the best of my knowledge and belief, further the Affiant sayeth naught.

Pedro Donaldson
The Plaintiff, *pro se*
Post Office Box 408590
Chicago, Illinois 60640
No phone

Pedro Donaldson, the Affiant
September 3, 2024